UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> *Complainant* <br><br> V. <br><br> IGUANA JOE'S BW8, INC. DBA IGUANA JOE'S, IGUANA JOE'S CROSBY, INC. DBA IGUANA JOE'S, IGUANA JOE'S CANTINA, INC. DBA IGUANA JOE'S, IGUANA JOE'S ATASCOCITA, INC. DBA IGUANA JOE'S, IGUANA JOE'S MEXICAN RESTAURANT, INC. DBA IGUANA JOE'S, IGUANA JOE'S MEXICAN RESTAURANT #2, INC. DBA IGUANA JOE'S MEXICAN RESTAURANT, and VICTOR YBARRA, INDIVIDUALLY <br><br> *Defendants.* | Civil Action No.: 4:19-cv-1528 |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin the defendants, Iguana Joe's BW8, Inc. dba Iguana Joe's, Iguana Joe's Crosby, Inc. dba Iguana Joe's, Iguana Joe's Cantina, Inc. dba Iguana Joe's, Iguana Joe's Atascocita, Inc. dba Iguana Joe's, Iguana Joe's Mexican Restaurant, Inc. dba Iguana Joe's, and Iguana Joe's Mexican Restaurant #2, Inc. dba Iguana Joe's, and Victor Ybarra, individually, from violating the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, hereinafter referred to as the Act, and to restrain defendants from withholding payment of overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1. Defendant, Iguana Joe's BW8, Inc. dba Iguana Joe's, is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business in Harris County at 5710 East Sam Houston Parkway, Houston, Texas 77253, within the jurisdiction of this Court. Further, Iguana Joe's BW8, Inc., is and at all times hereinafter mentioned was doing business as Iguana Joe's.

2. Defendant, Iguana Joe's Cantina, Inc. dba Iguana Joe's, is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business in Harris County at 9118 North Highway 146, Baytown, Texas 77523, within the jurisdiction of this Court. Further, Iguana Joe's Cantina, Inc., is and at all times hereinafter mentioned was doing business as Iguana Joe's.

3. Defendant, Iguana Joe's Crosby, Inc. dba Iguana Joe's, is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business in Harris County at 6519 FM 2100 Road, Crosby, Texas 77532, within the jurisdiction of this Court. Further, Iguana Joe's Crosby, Inc., is and at all times hereinafter mentioned was doing business as Iguana Joe's.

4. Defendant, Iguana Joe's Atascocita, Inc., dba Iguana Joe's, is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business in Harris County at 181319 W. Lake Houston Parkway, Humble, Texas 77346, within the jurisdiction of this

Court.  Further, Iguana Joe's Atascocita, Inc., is and at all times hereinafter mentioned was doing business as Iguana Joe's.

5. Defendant, Iguana Joe's Mexican Restaurant #2, Inc., dba Iguana Joe's, at all times hereinafter mentioned was, a corporation with a place of business and doing business in Harris County at 12611 Woodforest Boulevard, Houston, Texas 77015, within the jurisdiction of this Court.  Further, Iguana Joe's Mexican Restaurant #2, Inc., at all times hereinafter mentioned was doing business as Iguana Joe's.

6. Defendant, Iguana Joe's Mexican Restaurant, Inc., dba Iguana Joe's, at all times hereinafter mentioned was, a corporation with a place of business and doing business in Harris County at 9030 North Highway 146, Baytown, Texas 77523, within the jurisdiction of this Court. Further, Iguana Joe's Mexican Restaurant, Inc., at all times hereinafter mentioned was doing business as Iguana Joe's.

7. Defendant, Victor Ybarra, has a place of business and doing business in Harris County, 6519 FM 2100 Road, Crosby, Texas 77532, within the jurisdiction of this Court, where Victor Ybarra is, and at all times hereinafter mentioned was, Owner of the defendants Iguana Joe's BW8, Inc. dba Iguana Joe's, Iguana Joe's Crosby, Inc. dba Iguana Joe's, Iguana Joe's Cantina, Inc. dba Iguana Joe's, Iguana Joe's Atascocita, Inc. dba Iguana Joe's, Iguana Joe's Mexican Restaurant, Inc. dba Iguana Joe's, and Iguana Joe's Mexican Restaurant #2, Inc. dba Iguana Joe's.  He actively manages, supervises and directs the business affairs and operations of the defendants, Iguana Joe's BW8, Inc. dba Iguana Joe's, Iguana Joe's Crosby, Inc. dba Iguana Joe's, Iguana Joe's Cantina, Inc. dba Iguana Joe's, Iguana Joe's Atascocita, Inc. dba Iguana Joe's, Iguana Joe's Mexican Restaurant, Inc. dba Iguana Joe's, and Iguana Joe's Mexican Restaurant #2, Inc. dba Iguana Joe's.  Victor Ybarra

participated in the previous five Wage and Hour Administration's investigations into defendants' businesses, including an investigation which revealed that defendant Iguana Joe's Crosby, Inc. was paying its tipped employees the incorrect overtime rate. Based upon information and belief, Victor Ybarra did not pay its tipped employees the correct overtime rate, which is reflected in defendants' payroll records. Victor Ybarra acts and has acted, directly and indirectly, in the interest of the defendants, Iguana Joe's BW8, Inc. dba Iguana Joe's, Iguana Joe's Crosby, Inc. dba Iguana Joe's, Iguana Joe's Cantina, Inc. dba Iguana Joe's, Iguana Joe's Atascocita, Inc. dba Iguana Joe's, Iguana Joe's Mexican Restaurant, Inc. dba Iguana Joe's, and Iguana Joe's Mexican Restaurant #2, Inc. dba Iguana Joe's in relation to its employees and is an employer of these employees within the meaning of the Act.

III.

1.  At all times hereinafter mentioned, Iguana Joe's BW8, Inc. dba Iguana Joe's, Iguana Joe's Crosby, Inc. dba Iguana Joe's, Iguana Joe's Cantina, Inc. dba Iguana Joe's, Iguana Joe's Atascocita, Inc. dba Iguana Joe's, Iguana Joe's Mexican Restaurant, Inc. dba Iguana Joe's, and Iguana Joe's Mexican Restaurant #2, Inc. dba Iguana Joe's, has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. Sec. § 203(r), in that defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. Victor Ybarra is the owner of the corporate defendants, and operates the stores in Texas. All open restaurants share the same website address and have the same menus. Upon information and believe, two of the restaurant locations (12611 Woodforest Boulevard, Houston, Texas 77015 and 9030 North Highway 146, Baytown, Texas 77523) have re-located.

IV.

2. At all times hereinafter mentioned, Iguana Joe's BW8, Inc. dba Iguana Joe's, Iguana Joe's Crosby, Inc. dba Iguana Joe's, Iguana Joe's Cantina, Inc. dba Iguana Joe's, Iguana Joe's Atascocita, Inc. dba Iguana Joe's, Iguana Joe's Mexican Restaurant, Inc. dba Iguana Joe's, and Iguana Joe's Mexican Restaurant #2, Inc. dba Iguana Joe's have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Based upon information and belief, the Defendants' restaurant locations investigated by Wage Hour show gross sales in excess of $2.8 million for the years 2015 through 2018. Further, the affected employees include kitchen workers, servers, and busboys, as well as workers who handle goods manufactured outside the State of Texas.

V.

During the period since April 25, 2016, defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such tipped employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

Defendants violated Sections 7 and 15(a)(2) of the Act in the following way: At all listed locations, defendants calculated the hourly overtime rate for tipped employees at the cash minimum wage rate for tipped employees instead of the general minimum wage rate. Specifically, defendants paid tipped employees an overtime rate of $3.20 ($2.13 (tipped credit minimum wage) x 1.5 = $3.20) instead of the required overtime wage of $5.76 for tipped employees ($7.25 (minimum wage rate) x 1.5 = $10.88 - federal tip credit of $5.12 = $5.76).

VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by defendants from their employees.

VII.

Defendants have willfully violated the Act. The U.S. Department of Labor, Wage and Hour Division, has investigated defendants on five previous occasions and found wages violations in each investigation. In one previous investigation, the U.S. Department of Labor, Wage and Hour Division, found that defendants were paying tipped employees the improper overtime rate, which is the same violation found in this investigation. Accordingly, a judgment enjoining the alleged violations and restraining the withholding of overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

VIII.

WHEREFORE, cause having been shown, plaintiff prays for judgment against Iguana Joe's BW8, Inc. dba Iguana Joe's, Iguana Joe's Crosby, Inc. dba Iguana Joe's, Iguana Joe's Cantina, Inc. dba Iguana Joe's, Iguana Joe's Atascocita, Inc. dba Iguana Joe's, Iguana Joe's Mexican Restaurant, Inc. dba Iguana Joe's, and Iguana Joe's Mexican Restaurant #2, Inc. dba

Iguana Joe's, and Victor Ybarra, individually, as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating Sections 7 and 15(a)(2) of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding defendants liable for unpaid overtime compensation due to defendants' employees and for the liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3. For an Order pursuant to Section 17 enjoining and restraining defendants from withholding payment of unpaid overtime compensation found due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

4. For an Order awarding plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

KATE S. O'SCANNLAIN
Regional Solicitor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:

*/s/Jennifer J. Johnson*
JENNIFER J. JOHNSON
Trial Attorney
Texas Bar No. 24055743

LINDSAY A. WOFFORD
Senior Trial Attorney
Texas Bar No. 24037059

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202
Telephone (972) 850-3100
Facsimile (972) 850-3101
E-mail:  Johnson.jennifer@dol.gov

ATTORNEYS FOR PLAINTIFF